# Dignan *v.* Altoona Coal & Coke Company, Appellant.

*Mines and mining—Coal—Surface support.*

In a grant of all the coal underlying a tract of land, the grantor in the absence of an express waiver or the use of words which by necessary implication mean a waiver, is entitled to have his surface reasonably supported by the coal stratum granted.

A grant of "all the coal or other minerals lying or being in, upon, or under" a tract of land described in a deed, without more, does not deprive the grantor of the right to surface support; nor is such right of support waived by a provision in the deed relating to mining rights that "all these said rights, liberties and privileges to be used and exercised without any liability for damages arising and resulting from the use and exercise of the same as aforesaid." Such words have no bearing upon or relation to the rule of law requiring surface support.

Where a grant of coal expressly enumerates what surface privileges are to be enjoyed by the grantee, such as sinking air shafts, erecting buildings for a pumping station and providing that "such mining operations, however, are not to interfere with the surface of said land," such

grant indicates the intention to reserve all surface rights, including sufficient support, not expressly granted.

Argued Oct. 6, 1908. Appeal, No. 1, Oct. T., 1908, by defendant, from judgment of C. P. Cambria Co., Dec. T., 1905, No. 88, on verdict for plaintiff in case of Mary Dignan v. Altoona Coal & Coke Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for injuries to surface of land. Before O'CONNOR, P. J.

At the trial it appeared that on January 28, 1887, Mary Dignan granted to the defendant's predecessor in title, for the sum of $2,500, certain coal in Gallitzin township.

The material portions of the grant were as follows:

"All the coal and other minerals, lying or being in, upon or under all that certain piece or parcel of land situate in the township of Gallitzin, County of Cambria and State of Pennsylvania, bounded and described as follows, to-wit: Beginning at a post, thence South sixty-five degrees East ninety-one perches to a post, being a corner of the land of Henry Bendon, thence along the line of said land North thirty-four degrees east one hundred and sixty-one perches, thence North sixty-five degrees West eighty-nine perches to a post, thence South thirty-four degrees West one hundred and eighty perches to the place of beginning. Containing one hundred and six acres more or less. Being the same premises which James McHugh and Susan C. McHugh by their deed bearing date the Eighth day of June, A. D. 1861 and recorded in the office for recording deeds &c. in and for said County of Cambria in Record Book Vol. 19, page 326 &c. sold and conveyed to the above named grantor. And the said party of the second part is hereby granted the full and exclusive privilege, right and liberty of entering at will upon said land and searching for, quarrying and mining, raising, delivering, taking and carrying away said coal and other minerals, such mining operations however are not to interfere with the surface of said land, which the said party of the first part reserves and is not conveyed by these presents, excepting the right privilege and liberty which is hereby granted to the said party of the

second part of sinking a shaft on said premises for an air passage or opening into such mines as may be opened and used thereon, also the right and privilege of sinking a shaft for the purpose of pumping out and up such water as may interfere with the mining operations upon said land with the privilege of erecting thereon such building or buildings as may be necessary and incident to said pumping of water from said mines the air and water passages referred to above are not to be erected or opened within two hundred yards of the house and barn on the premises herein described; the said party of the second part to have free ingress, egress and regress through and underneath said premises for the purpose of mining, removing, shipping and transporting said coal and other minerals; and all of the said rights, liberties and privileges to be used and exercised without any liability for damages arising or resulting from the use and exercise of the same as aforesaid, and possession is hereby given to the party of the second part, his heirs, executors, administrators or assigns for the purpose above receited."

The defendant presented the following point:

That under the deed from Mary Dignan to David McCoy, dated January 28, 1887, conveying to said McCoy all the coal and other minerals in and under the piece or parcel of land therein described, together with the mining rights and privileges therein mentioned, and set forth in plaintiff's statement in this case, and being the same deed offered in evidence by the plaintiff, the defendant is released from "any liability for damages arising or resulting from the use and exercise" of the rights and privileges therein mentioned, and is thereby released from any liability for damages arising from the mining and removal of all the coal under said land, including the pillars. And the plaintiff is not entitled to recover in this action for loss of water or injury to the surface of his land caused by the mining and removal of the pillars, and the verdict of the jury must be for the defendant. *Answer:* Refused. [1]

Verdict and judgment for plaintiff for $3,417. Defendant appealed.

*Error assigned* among others was above instruction, quoting it.

*David L. Krebs,* with him *M. D. Kittell* and *Philip N. Shettig,* for appellant.—The right of the owner of land to sell the minerals therein or thereunder, and confer upon the purchaser of the mineral the right to enter and mine and remove the same without being liable for any injury or damage done to the surface was first judicially recognized in this state in the case of Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Valley Coal Co., 212 Pa. 63.

If the right of surface support is released by apt words, in the grant of the coal itself, or in the grant of the surface, reserving the coal, it can no longer be enforced, either at law or in equity: Miles v. Penna. Coal Co., 217 Pa. 449.

*P. J. Little,* for appellee.—The words "all the coal and other minerals" gave no license to take out all the coal without regard to surface support: Weaver v. Berwind-White Coal Mining Co., 216 Pa. 195.

Surface support is an absolute right arising out of the ownership of the surface. Good or bad mining in no way affects the responsibility; what the surface owner has a right to demand is sufficient support, even, if to that end, it be necessary to leave every pound of coal untouched under his land: Noonan v. Pardee, 200 Pa. 474; Rabe v. Shoenberger Coal Co., 213 Pa. 252; Weaver v. Berwind-White Coal Mining Co., 216 Pa. 195; Jones v. Wagner, 66 Pa. 429; Coleman v. Chadwick, 80 Pa. 81; Williams v. Hay, 120 Pa. 485; Robertson v. Coal Co., 172 Pa. 566; Richardson v. Clements, 89 Pa. 503.

In Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Coal Company, 212 Pa. 63, and Miles v. Pennsylvania Coal Company, 217 Pa. 449, the surface owners specifically waived the right to damages by reason of injury to the surface from the mining out of all the coal.

OPINION BY MR. JUSTICE ELKIN, January 4, 1909:

In Pennsylvania the rule has always been that in a grant of all the coal underlying a tract of land, the grantor, in the absence of an express waiver, or, which is the same thing, the use of words which by necessary implication mean a waiver, is

entitled to have his surface reasonably supported by the coal stratum granted. This rule has never been departed from, and as late as Weaver v. Berwind-White Coal Mining Company, 216 Pa. 195, was reasserted and followed. Nor do we understand this rule to be questioned by the learned counsel for appellant, but, it is contended, that the words of the grant in the present case are such as by necessary implication must be construed to mean a waiver of surface support. The grant is for "all the coal and other minerals lying or being in, upon, or under" the tract of land described in the deed of conveyance. It has been uniformly held that the grant of all the coal does not affect the rule which imposes the servitude of surface support upon underlying strata. We can discover no words in the present grant sufficient to modify or change the general rule.

It is further argued that the language used in the grant of mining rights and privileges is broad enough to waive the right of surface support. In answer, it may be stated, that the words of the grant relating to mining rights are of the same general import as those ordinarily used in conveyances of coal and other minerals. The words of the grant relied on to support this contention are "all these said rights, liberties and privileges, to be used and exercised without any liability for damages arising and resulting from the use and exercise of the same as aforesaid." It is argued that in addition to the grant of all the coal, there is an express release of damages arising and resulting from the use and exercise of the mining rights to the extent of releasing any damage that may result to the surface by failure to give it sufficient support. Clearly this was not the intent of the parties. The release of damages in the covenant relied on refers to the proper exercise of the mining rights and privileges in the development and operation of the mines and have no bearing upon or relation to the rule of law requiring surface support. Nor can we agree that Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Valley Coal Company, 212 Pa. 63; and Miles v. Pennsylvania Coal Company, 217 Pa. 449, relied on by appellant, are authority for a different doctrine. In each of these cases the grant contained either a release of damages for injury to the surface by the removal of all the coal, or pro-

vided for the execution of a full and unconditional release and discharge from any liability for damages to the surface. The principle of surface support was recognized in each case, but it was held to have no application because the parties themselves had covenanted for a different rule by waiving the right, which they not only could do, but did in those cases. In the case at bar there is nothing to indicate an intention to waive surface support, and it has always been held that this absolute right is not to be taken away by implication from language which does not necessarily import such a result. Indeed, the present grant contains what amounts to a reservation of the right to surface support, because, the grantor in express terms enumerates what surface privileges are to be enjoyed by the grantee, such as sinking air shafts, erecting buildings for a pumping station, and then provides that "such mining operations, however, are not to interfere with the surface of said land." All of which indicate an intention to reserve all surface rights, including sufficient support, not expressly granted.

The only material question involved in this appeal is that which affects the appellee's right to surface support, and we agree with the learned trial judge in the construction of the deed of conveyance in this respect.

Judgment affirmed.