# Humbert, Appellant, *v.* West Penn Railways Company.

*Deeds—Covenants—Construction—Street railway—Passes—Carriers.*

Where an owner of land grants it by deed to a street railway company in consideration of the latter furnishing free electric current and issuing five passes to such members of the grantor's family as he may designate, "for such length of time, only, as they reside at their present residence," and the family removes for a short time to another state, but afterwards returns, and for many years thereafter the passes and electric current are furnished without objection, the railway company cannot allege as a ground for forfeiting the privilege conferred by the deed, the removal of the family to another state years before; nor does the fact that the title to the residence passed to another, give the right of forfeiture, if the family continues to occupy it.

Argued May 10, 1910. Appeal, No. 140, Jan. T., 1910, by plaintiff, from decree of C. P. Fayette Co., No. 568, in equity, dismissing bill in equity in case of Anna Clara Humbert v. West Penn Railways Company. Before MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Reversed.

Bill in equity for an injunction and for specific performance. Before UMBEL, P. J.

The facts appear by the opinion of the Supreme Court.

*Error assigned* was decree dismissing the bill.

*E. C. Higbee,* of *Sterling, Higbee & Matthews,* with him *S. R. Goldsmith,* for appellant, cited: Gillespie v. Iseman, 210 Pa. 1; People's Nat. Gas Co. v. Wire Co., 155 Pa. 22; Wright v. Gas Co., 2 Pa. Superior Ct. 219.

*Lee Smith,* of *Smith & Brownfield,* with him *S. A. Gilmore,* for appellee, cited: Henderson v. Hunter, 59 Pa. 335; Alexander's App., 20 W. N. C. 283.

OPINION BY MR. JUSTICE ELKIN, May 24, 1910:

This is a bill in equity in the nature of an amicable proceeding to determine the rights of the parties under a covenant in a deed conveying a small tract of land used as a park upon the conditions therein stipulated. The particular covenant involved in this case is neither a condition of nor a limitation upon the grant itself, but has to do solely and alone with the consideration of the conveyance. As a part of the consideration it was agreed by the grantee railway company for itself, its successors and assigns, that free transportation and free electric current should be furnished George J. Humbert and a limited number of his family while they resided at a certain residence therein mentioned. The language of the covenant is as follows, to wit: "Said party of the second part, its successors and assigns, will grant to the said George J. Humbert, to be issued to such members of his family as he may designate, five passes over the line of the Connelsville Suburban Street Railway, for such length of time, only, as they reside at their present residence at the corner of Park Avenue and Pittsburgh Street." The provision for electric current is the same in so far as time and residence are involved. It must be conceded that the provision for furnishing free transportation and free electric current is not definite and fixed by the terms of the covenant itself as to the persons to be transported or the time to be enjoyed. George J. Humbert was to designate the members of the family for whom transportation was to be provided and such right of transportation was to be enjoyed "for such length of time, only, as they reside at their present residence." The privilege was limited to five members of the family who were to be designated by George J. Humbert. The right to enjoy the privilege depended upon this designation and only those thus designated are entitled to demand it. As to the members of the family, failure to designate would defeat the right to demand transportation, and only those designated by Humbert are in position to demand the privilege. Those

who were designated are entitled to enjoy the privilege so long as they reside "at their present residence." We take this to mean that each one of the five thus designated can demand free transportation only so long as he or she resides at the particular residence mentioned. When all remove from the residence the privilege is forfeited, or when anyone leaves the residence the privilege as to him is at an end. After the death of Humbert there could be no substitution of a person not then designated for one designated by him in his lifetime. It is contended, and the learned court below so held, that because upon one occasion at least and perhaps upon others the Humbert family had removed from their residence for short periods of time the privilege was forfeited and cannot now be demanded. Residence is always a question of intention, and no one would seriously contend that if a family left their residence for a temporary stay elsewhere that such a removal would be a change of residence within the meaning of the law. On the other hand, if the intention to change the residence clearly appears the fact that only a short time intervenes from the date of the removal to the return is immaterial. In the case at bar, if the fact of the removal to West Virginia had been taken advantage of at the time we are inclined to agree with the learned court below that a forfeiture of the privilege might have been declared, but it was not taken advantage of and the privilege was extended to the family after their return and this situation continued for several years thereafter. We think this was a waiver of the right to declare a forfeiture by reason of the removal at that time and that it is too late to do so now for acts committed then. What has been said as to free transportation applies in a general way to the obligation to furnish free current so long as the family resides at the residence mentioned. For many years after the acts upon which appellee now relies to have a forfeiture declared were committed, the parties recognized the obligation to furnish free transportation and free electric current as binding, and in our opinion this

constitutes a waiver of the right to declare a forfeiture for those acts and leaves the parties where they stood under the original covenant. The case of Pennsylvania Company v. Erie, etc., Railroad Company, 108 Pa. 621, is relied on by learned counsel for appellee to support the contention that the recognition of the contract to furnish free transportation by a lessee company for several years cannot be considered in determining the rights of the parties under an unambiguous contract. A superficial view of that case gives color to this contention, but a closer examination shows that nothing therein said or decided in any way militates against the position here taken. That was a case between a lessor and a lessee railroad company to determine what obligation the lessee company under its contract of lease had assumed in respect to a certain parol contract made by the lessor company twenty-five years before the lessee company had anything to do with the subject-matter of the controversy. It was there said that "no obligations were assumed by the Pennsylvania company other than are expressed in the contract between the original contracting parties," which of course included releases for right of way on record according to their written terms, but did not include "the parol agreement to provide a pass," which was not and could not be assigned. That was not a controversy between the party who was entitled to the transportation and the railroad company that agreed to give it, as is the case in the controversy here pending. It was a contest in which the court was asked to determine which railroad company must bear the burden. In the present case no such question arises because the contract is in writing and the contract is between the street railway company that made it, its successors and assigns, and a party for whose benefit the privilege was granted. The appellee company is directly bound by the terms of the contract just as much as the original company which made it. The question of ownership and title to the residence in which the family resided is of no moment in this

controversy. The right to demand free transportation and free current in no way depended upon the title to the property where the family resided. This was a personal privilege and not a property right. It was not a charge upon the land conveyed nor was it an interest running with the land. It had nothing to do with the title to the residence and therefore the cases cited by the learned counsel for appellee about conditions and limitations in grants of land have no application. It is our conclusion upon the facts gathered from the record that appellant is entitled to the relief sought and that the court below erred in holding that the obligation of the contract had been terminated so that the appellee company had the right to declare a forfeiture.

Decree reversed, bill reinstated and record remitted with direction to the court below to ascertain the facts necessary to properly dispose of the case and then make such order in accordance with the views expressed in this opinion as will protect the rights of the parties. Costs to be paid by appellee.