# Patterson Water Company, Appellant, *v.* Mifflin Borough.

*Water companies—Boroughs—Contract — Supplying water for fire purposes—Severable contract.*

Where a water company contracts in writing to supply a borough for a period of ten years with water for fire purposes, and covenants that the water "shall be brought from such an elevation and force that the same can be used for extinguishing fires without the use of the fire engine within the borough limits," it is not error for the court, in an action by the company against the borough to recover twelve months' rental, to permit the defendant to show that for a portion of the time water had not been furnished at the force specified; and it is also not error for the court to refuse to permit the plaintiff to show that during the continuance of a previous ten-year contract between the company and the borough, the borough had waived the stipulation as to the force of the water to be supplied.

In such a case the court commits no error in instructing the jury that the contract was severable, and that the water company could only recover for the time it actually supplied the water in accordance with the terms of the contract.

Argued March 11, 1918. Appeal, No. 38, March T., 1918, by plaintiff, from judgment of C. P. Juniata Co., Feb. T., 1917, No. 24, on verdict for plaintiff in case of Patterson Water Company v. Mifflin Borough. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit for water rental.

SEIBERT, P. J., filed the following opinion:

The plaintiff, the Patterson Water Co., a corporation of this Commonwealth, having its main office in the Borough of Mifflin (formerly Patterson), Juniata County, Pa., began furnishing water to the defendant, Mifflin Borough, in the said County of Juniata, for municipal fire extinguishing purposes, in the year 1892; under a contract for a term beginning, as we understand, on or about April 1, 1892, to continue for the period of ten years; at the end of this period the parties extended the contract for an additional five years, to 1907; and at this expiration for a still further period of five years, ending on or about October 1, 1912. Following upon this last expiry period the current contract was entered into between the plaintiff company and the defendant borough, to continue for the term of ten years from October 1, 1912.

The material parts of this contract involved in this action appear in sections 1, 2, 3, 8 and 10.

Section 1 provides that the plaintiff company shall supply from the waters of Macedonia run "through supply pipes not less than six inches in diameter as heretofore, at and through eight fire hydrants on our curb line of streets as heretofore located, water for the use of the proper fire department of said Borough of Mifflin, for the exclusive purpose of extinguishing fires."

Section 2 provides that the Borough of Mifflin will pay to the water company "the sum of thirty dollars ($30) per annum for each of the eight (8) fire hydrants furnished and in position for fire protection under this con-

tract, in semi-annual installments at the end of each and every six months during the existence of this contract."

Section 3 provides that the contract shall begin on October 1, 1912, and continue for ten years from that date and then cease and determine.

Section 8 provides "that no charge, claim or demand shall be made, allowed or entertained for or on account of any damages which may result to said borough from any accident or break in the company's pipes or machinery, making it necessary to shut off the water for a short time in order to make the necessary repairs."

Section 10 provides in totidem verbis: "It is also understood and agreed by and between the contracting parties that the water shall be from pure spring water from Macedonia run and shall be brought from such an elevation and force that the same can be used for extinguishing fires without the use of a fire engine within the said borough limits."

This cause came into court upon appeal from the judgment of a justice of the peace and proceeded to trial without statement filed. The plaintiff company claimed to recover from the defendant borough $20 per month for the twelve months between November 1, 1915, and November 1, 1916, or the gross sum of $240. The defendant denied the right of the plaintiff to recover its entire demand for the reason that the plaintiff had not, for the whole period between the dates mentioned, performed their contract duties, particularly those enjoined by section 10.

The court charged the jury to the effect that this contract was severable: That if the defendant had not made any default in supplying water for the period November 1, 1915—November 1, 1916, it was entitled to recover its full demand: That for such time or times as the plaintiff furnished no water of the force and elevation that same could be used for extinguishing fires without the use of a fire engine, it was not entitled to recover: That if there were times when the plaintiff furnished

water in compliance with the contract requirements, then the plaintiff would be entitled to recover so much of the amount sued for as that part of the time would bear proportion to the whole twelve months: That if the plaintiff failed to supply water in accordance with the contract, but the defendant made any other use than for fire extinguishment purposes of the contract—inefficient supply, the defendant would be liable to pay therefore a rate proportionate to the contract price and the quantity used: And that if the plaintiff supplied some water, but neither in sufficient quantity nor pressure efficient for fire extinguishment purposes and same was not used by the defendant for any other purpose, then the defendant would not be liable to pay anything for the time based on the contract price, such insufficient supply was given.

The jury rendered their verdict in favor of the plaintiff for $82.32, and the plaintiff makes a motion for a new trial assigning two original and fifteen additional reasons in support of the motion.

The matter presented by the seventeen reasons are resolvable and may be considered under four different heads:

1. That the verdict was against the evidence and the weight of the evidence.

There was ample testimony to warrant the jury in finding that there were times between November 1, 1915, and November 1, 1916, when the quantity and pressure of the water were greatly below the contract requirements. A marked instance was on the night of March 6, 1916, when a fire occurred at the home of Marshall Graham, in Mifflin Borough, and the hydrant pressure did not throw a stream of water over the four-foot yard fence. To our view there was nothing in the case to take it out of the established rule that the evidence was for the jury to consider, weigh and determine upon,—other than that, as was strongly urged upon the argument, the defendant was compelled to use three challenges to eliminate from the jury persons who were citizens of the defendant

borough, and that the last of the three challenges had to be differentiated between a juror who was a citizen of the defendant borough and another who had a personal grievance against both of the learned counsel for the plaintiff.   Whatever might be deemed ethical in such case there could be no question as to the qualifications of the individual jurors who were citizens of the defendant borough, because of the provisions of the sixth section of the Act of April 16, 1840, P. L. 410.   As to the non grata element between a juror and the counsel, the acceptance or challenging of the former involved but the usual risk present in every selection of a jury and does not warrant interference with the verdict.

2. The alleged error in admitting the testimony of C. W. Knight, against objection (second additional reason), and allowing him to testify as to his interpretation of the contract.

This witness having reasonably qualified as an expert in the construction of gravity water plants over a period of some forty years, was admitted to testify under the defendant's offer as appears on page 100 of the testimony— not as to any matter of interpretation of the contract, but as to whether or not the plaintiff's system was sufficient and adequate to furnish the water supply to the defendant in accordance with terms of the contract; in his examination in chief he testified to no interpretation of the contract; but on cross-examination by the learned counsel for the defendant (testimony pages 118-119) this witness made answer to direct questions as to his interpretation of parts of the contract, for which the defendant cannot be held responsible.   This reason is without weight.

3. The secretary of the defendant borough, called by the plaintiff-in-chief being on the stand and plaintiff made offer—

"To prove by the witness on the stand, and from the books of the borough, the original ordinances and contracts between the plaintiff, the Patterson Water Com-

pany, and the borough, made in 1892. To be followed by proof of the renewal of that contract at the end of its period, and a further renewal at the end of that contract, showing three ordinances and contracts between the borough and the Patterson Water Company. This together showing payments between the water company and the borough, in pursuance of the contract covering a long period of years as evidence of the interpretation placed upon the contracts in suit, and the contracts of which the contract in suit is a renewal, as evidence of the interpretation placed thereon by the parties themselves."

To this offer defendant's counsel made the following objections:

"First, that these contracts are separate contracts; that the contract now offered to be proven has no connection whatever with the contract upon which this suit is founded.

"Second, that evidence of payment under any former contract is no evidence by which the terms of the present contract can be explained or interpreted.

"Third, it is immaterial and irrelevant."

These objections were sustained and the offer rejected, which ruling together with similar subsequent rulings and answers to related points comprise the third head under which reason in support of plaintiff's motion may be grouped.

From the argument of plaintiff's counsel it would seem the theory of this offer was that, as the original and successively renewed contracts, including the current one, were similar in tenor; and that, if it were the fact that there had been during the twenty-odd years of their existence, a failure upon the part of the plaintiff to supply pure spring water from Macedonia run brought from such an elevation and force that the same could be used for extinguishing fires without the use of a fire engine within the borough limits; and, notwithstanding such failure, the defendant borough knowing the conditions accepted them as a compliance with the contract and paid

in accordance therewith, that such course of practice was an interpretation of the contract by the parties and that the defendant company was bound thereby and made liable to pay the full contract price, whether or not the supply and force of water was adequate for the purpose intended. In this view we do not concur, but are of opinion with the defendant to the effect that the question here is not one of interpretation but one of performance. We do not see that there are any provisions in this contract so nebulous as to call for the application of the rule of contemporaneous construction to elucidate the meaning.

"The rule that practical construction of the contract by the parties is entitled to great weight applies only when the contract is ambiguous and the intention doubtful. When the contract is free from ambiguity and its meaning is clear in the eye of the law an erroneous construction of it by the parties will not control its effect. ......The practical construction of a contract adopted by the parties thereto will not control or over-ride language that is so plain as to admit of no controversy as to its meaning. In such cases the intent of the parties must be determined by the language employed, rather than by their acts": Elliott on Contracts, Vol. II, Sec. 1542.

The same rule is laid down in Page on Contracts, Vol. II, Sec. 1126, and in Sternbergh v. Brock, 225 Pa. 279, Justice POTTER (page 287) quotes the rule with approval as follows: "If a contract is ambiguous in meaning, the practical construction put upon it by the parties thereto is of great weight, even though the contract is in writing, and ordinarily is controlling......The practical interpretation of the parties is to be regarded, however, only when the contract is ambiguous. If clear and free from ambiguity, the intention shown upon its face, if written, must be followed, though contrary to the practical interpretation of the parties, and even if such practical construction has been acquiesced in for a long period of time."

The authorities cited by the learned counsel for the

plaintiff bearing upon the question of contemporaneous construction, are cases wherein there were contract provisions that were either ambiguous, repugnant, redundant or an absence of specific stipulation. In this case the duties of performance upon the part of the plaintiff are clearly and definitely expressed in the contract; the jury have found that the plaintiff failed of stipulated performance for the full period sued to recover for; and have rendered their verdict in favor of the plaintiff for the amount they believed, under the evidence, to be justly due. We think that herein appears no reason for setting aside the verdict.

4. That the defendant must show actual damages suffered in an action based upon a contract such as this one, and none having been shown the plaintiff was entitled to recover its full demand.

That the contract here under consideration is not entire but divisible is settled by our cases of U. S. Water Works Co. v. Borough of DuBois, 176 Pa. 439, and Hyndman Water Company v. Borough of Hyndman, 7 Pa. Superior Ct. 191, and they are likewise authority for the contention that the plaintiff may be limited to recover for the actual service rendered.

The case of the Irwin Traction Co. v. West Penn Electric Co., 251 Pa. 292, does not militate against this view. The difficulty the court had to contend with in that case was that, conceding that the defendant should pay no more than the service was worth, there was insufficient data to determine that element. In the case at bar the value of the service was measured by a monthly sum, and the evidence submitted by the defendant as to the periods of insufficient supply was the mete wand with which the jury measured the quantum and value of the service rendered. Fulton v. Miller, 254 Pa. 363, announces no different doctrine; it is there held that when there has been substantial performance but of less than full conditions precedent, voluntarily accepted, there may not be a reliance upon the performance of the resi-

due as a condition precedent to liability to pay for what has been received. Here the defendant borough admitted liability to the plaintiff water company as upon a quantum meruit and made a tender before the justice, which was kept up in court, of the money amount it conceded that value had been received. To the same effect is Wiley v. Inhabitants of Athol, 150 Mass. 425 (quoted from Fulton v. Miller, Supra) : S. C., 6 L. R. A. (O. S.) 342.

## DECREE.

And now, to wit January 16, 1918: The reasons assigned in support of the plaintiff's motion for a new trial in the case of The Patterson Water Company v. Mifflin Borough, No. 24, February Term, 1917, are not sustained, the motion is overruled and judgment directed to be entered on the verdict on payment of the jury fee.

Verdict and judgment for plaintiff for $82.32. Plaintiff appealed.

*Errors assigned* were various rulings and instructions.

*F. M. M. Pennell,* with him *Will L. Hoopes,* for appellant.—The construction of a contract by the parties, as shown by their dealing for a long period of time is always admissible: McMillin v. Titus, 222 Pa. 500; Gillespie v. Iseman, 210 Pa. 1; Phillips v. Blatchford, 137 Mass. 511; Kendall v. Klapperthal Co., 202 Pa. 596; Bower v. Walker, 220 Pa. 294; Standiford v. Kloman, 234 Pa. 443; Beedy v. Nypano R. R. Co., 250 Pa. 51.

*Andrew Banks,* with him *J. N. Keller,* for appellee.— The practical interpretation of the parties is to be regarded, however, only when the contract is ambiguous. If clear and free from ambiguity, the intention shown upon its face, if written, must be followed, though contrary to the practical interpretation of the parties, and

even if such practical construction has been acquiesced in for a long period of the time: Sternbergh v. Brock, 225 Pa. 279.

The contract was severable: Hyndman Water Co. v. Hyndman Borough, 7 Pa. Superior Ct. 191.

PER CURIAM, April 22, 1918:

This case was carefully tried by able counsel before a judge and jury; after careful review, on the motion for a new trial the judgment was directed to be entered on the verdict. For the reasons given by the learned trial judge the judgment is affirmed.