# Lenox Coal Co. *v.* Duncan-Spangler Coal Co., Appellant.

*Mines and mining—Surface support—Lease—Terms of lease— Upper and lower seams of coal—Removal of pillars—Notice.*

1. Where a mineral estate has been separated from the surface, the former must support the latter as a common law burden from which it cannot be relieved except by apt words or necessary implication. The rule applies where the owner of two seams of coal has leased the lower seam, without any waiver of support for the upper seam in the lease, or any covenant therein from which one could be implied.

2. A lease of all the coal does not include the right to let down the surface, and thereunder the lessee can remove only so much as can be taken without injury to the superincumbent estate.

3. The rights of the lessees are not enlarged by a covenant that the mine is to be worked in the most economical method, and in accordance with the laws of the State; that is for the lessor's benefit as it increases the output on which he collects royalty.

4. Where the terms of the lease are unambiguous it is immaterial what construction the parties may have put upon it.

5. If a lessee of an upper seam takes subject to the rights of a prior lessee of a lower seam, and with the knowledge that the latter is removing supporting pillars, he is not thereby precluded from asserting his right to support.

Argued September 29, 1919. Appeal, No. 84, Oct. T., 1919, by defendant, from decree of C. P. Cambria Co., Dec. T., 1917, No. 4, on bill in equity in case of Lenox Coal Co. v. Duncan-Spangler Coal Co. Before BROWN, C. J., STEWART, FRAZER, WALLING, SIMPSON and KEPHART, JJ. Affirmed.

Bill in equity for an injunction. Before O'CONNOR, J.
The court awarded an injunction. Defendant appealed.

*Error assigned* was the decree of the court.

*E. J. Hartman,* for appellant.

*Philip N. Shettig,* with him *M. D. Kittell,* for appellee.

OPINION BY MR. JUSTICE WALLING, January 5, 1920:

This bill in equity was filed to restrain the removal of pillars, in coal mining, to the damage of the overlying estate. In 1901 the Blubaker Coal Company was the owner in fee of all the coal in a certain tract of land in Carroll Township, Cambria County, consisting of a "D" seam and an "E" seam, the latter being about 40 feet above the former. That year the company made a lease of the "D" seam or vein to defendant's predecessor, containing the words, "grant, demise and let unto the said parties of the second part, the rights and privileges to mine and take away the coal known and designated as the 'D' vein" [describing the premises], as well as the words: "To have and to hold the rights, titles and privileges upon the demised premises to the parties of the second part for and during the term of twenty-five years, or until the marketable and workable coal has been taken out of the land hereby leased that contains the 'D' vein of coal," and further: "The vein of coal embraced within this lease shall be worked by the parties of the second part, in the most economical method, under the usual conditions of mining bituminous coal in the region in which the land is situated, in accordance with the laws of the State of Pennsylvania." The lease contains no provision for letting down the superincumbent estate nor any waiver of damages for so doing. However, after the first mining in "D" seam, defendant proceeded to remove pillars thereby causing serious injury to mining operations in the "E" seam. In 1912, while this work of second mining was in progress, plaintiff's predecessor, John C. Cosgrove, with knowledge thereof, bought the "E" seam from the Blubaker Coal Company, and the conveyance to him contains a recital that pillars are being drawn in the "D" seam, which is

likely to interfere with his operations and then states that, "it is fully understood and agreed that in case the mining operations on the 'D' seam of coal render the mining by the party of the second part herein [Cosgrove] or any part of the coal in the 'E' seam impracticable by reason of the subsiding and crushing of the coal in the 'E' seam and the underlying strata, that in such event the party of the second part shall not be required to pay royalty for any coal so lost"; and also in such event excuses Cosgrove while so delayed from mining the stipulated minimum annual quantity. It also refers to the lease of the "D" seam and stipulates that, "the party of the second part hereto accepts this present indenture subject to the prior rights secured to Duncan-Spangler Coal Company, and its assigns, by virtue of said lease above mentioned." When Cosgrove purchased the "E" seam there was an open mine therein which had formerly been operated by a Mr. Frazier. The evidence tends to show that defendant claimed the right under its lease to remove the pillars; to which the Blubaker Coal Company then owner of "E" seam made no objection; in fact the same man was president of both companies. The lease, however, was the only agreement between them relating thereto. The removal of pillars in the "D" seam caused such a subsidence as to close the headings and air-ways in the mine in the "E" seam, and removal of the pillars yet remaining will result in closing down of plaintiff's mining operations. To prevent this the court below granted a preliminary injunction and later, by final decree, made the same permanent so far as relates to pillars the removal of which would interfere with plaintiff's mining operations.

This appeal was taken from that decree. The case was properly ruled. Where as here the mineral estate has been separated from the surface the former must support the latter as a common law burden from which it cannot be relieved except by apt words or necessary implication: Penman v. Jones, 256 Pa. 416; Berkey v.

Berwind-White Coal Mining Co., 229 Pa. 417; Youghiogheny River Coal Co. v. Hopkins, 198 Pa. 343; Robertson v. Youghiogheny River Coal Co., 172 Pa. 566; Carlin v. Chappel, 101 Pa. 348; Coleman v. Chadwick, 80 Pa. 81; Jones v. Wagner, 66 Pa. 429. In other words, in the absence of a release or waiver of support, mining operations must be so conducted as to leave intact the superincumbent estate. There is no waiver of support in defendant's lease nor any covenant therein from which one can be implied. A lease of all the coal does not include the right to let down the surface, and thereunder the lessee can remove only so much as can be taken without injury to the superincumbent estate: Dignan v. Altoona Coal & Coke Co., 222 Pa. 390; Weaver v. Berwind-White Coal Co., 216 Pa. 195. The rights of the lessee are not enlarged by the covenant that the mine is to be worked in the most economical method and in accordance with the laws of the State; that is for the lessor's benefit as it increases the output on which he collects royalty. See Miles v. Pennsylvania Coal Co., 217 Pa. 449, 456.

The trial court held the evidence insufficient to warrant a finding that the parties mutually placed such a construction on defendant's lease as to relieve it of the duty of support. That sustains the decree, but had the evidence justified such finding it would not change the result, for it is only in case of doubt or where there is some ambiguity in the contract that the parties' own construction becomes important: Bubb v. Parker & Edwards Oil Co., 252 Pa. 26; Tustin v. Phila. & R. C. & I. Co., 250 Pa. 425; Rea, Trustee, v. Penna. Canal Co., 245 Pa. 589; Sternbergh v. Brock, 225 Pa. 279; The Pennsylvania Co. v. The Erie & Pittsburgh R. R. Co., 108 Pa. 621; Alexander's App., 7 Sadler 552; Patterson Water Co. v. Mifflin Boro., 69 Pa. Superior Ct. 441. Here the lease is clear and its effect settled by numerous decisions of this court, and there is no ambiguity or room for construction. There is no

claim of an estoppel nor any facts upon which to base such claim, and whatever effect a mutual mistake of the legal rights of the parties might have as to acts done thereunder it cannot control future operations. One wrongful act will not legalize another of like kind.

Cosgrove's deed recognized the fact that pillars were being removed from the "D" seam and protected him from the payment of royalty on coal lost thereby, but did not prevent him or his assignee from challenging the right of such removal. He bought expressly subject to the prior rights secured to defendant by its lease, and, as above stated, that did not include the right to let down the superincumbent estate. His purchase was subject to defendant's legal rights and did not vest in it a new right nor compel him to submit to its illegal acts any more than must a purchaser of land submit to continued trespasses thereon by one who was a trespasser at the time of the purchase. The fact that the Blubaker Coal Company received a royalty on the stumps or pillars so removed may have induced its acquiescence therein but did not change the legal construction of the lease, nor could it be changed as affecting the "E" seam by any act or declaration of said company made subsequent to the Cosgrove purchase.

The matter of equity jurisdiction is not properly raised as there is no mention of it in the statement of the question involved.

The decree is affirmed at the costs of appellant.