## Youghiogheny River Coal Company *v.* Hopkins.

*Mines and mining—Surface support—Covenants in lease.*

A coal mining company, mining coal under a lease, was sued by the owner of the surface for injuries to the surface, and judgment was entered against it, which judgment was paid. Subsequently the coal company brought an action against its lessor to recover the amount of the judgment which it had paid. In its statement of claim it set up the payment of the judgment, and also the lease, which contained the following words: "And all damages direct or consequential, and claims therefor resulting from the mining and removal of said coal in the doing of any and all matters and things hereinbefore described, are hereby waived and relinquished by the said party of the first part, provided that the party of the second part takes all ordinary precautions usually taken in mining and removing coal." The defendant demurred to the statement. *Held* (1) that plaintiff was bound under the lease to afford proper support to the overlying surface; (2) that the admission by plaintiff in its statement that there had been a recovery against it for failing to afford support, was an admission that it had not used all ordinary precautions in giving proper support to the surface; (3) that there was no error in sustaining the demurrer.

*Mines and mining—Surface support—Ordinary precautions.*

"Ordinary precautions in mining coal" mean proper support to the overlying surface.

Argued Oct. 30, 1900. Appeal, No. 158, Oct. T., 1900, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., May T., 1897, No. 627, on demurrer to statement in case of the Youghiogheny River Coal Company v. James H. Hopkins. Before McCollum, C. J., Mitchell, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Assumpsit on a coal lease.

The plaintiff's statement, after setting forth portions of the lease, the material parts of which are quoted in the opinion of the Supreme Court, continued as follows:

That in accordance with the said agreement, the plaintiff entered into the possession of the said demised coal tract, and mined and removed part of the said coal, taking all the ordinary precautions usually taken in mining and removing the said coal, and under the supervision and direction of the defendant in accordance with the provisions of the said lease.

That in so mining and removing a portion of the said coal, a part of the surface overlying the same, belonging to Andrew Robertson et al., was necessarily injured and damaged, and at No. 89, December term, 1893, in the court of common pleas No. 1 of Allegheny county, an action for damages was entered by the said Andrew Robertson et al., against the plaintiff herein, the Youghiogheny River Coal Company, wherein it was alleged that the said Robertson et al., were the owners of the surface overlying part of the said Hopkins coal tract, under which part coal had been mined and removed, and damages caused to the said surface, and although the said suit was duly defended by the plaintiff herein a verdict was recovered therein against it, which with costs and expenses, including an appeal to the Supreme Court, amounts to the sum of $3,233.45, with interest from January 14, 1896.

That due and formal notice was given to the defendant herein by the plaintiff herein to assist in defending the said claim for damages, as it was the duty of the said James H. Hopkins to do under his hereinbefore recited covenants, and he was further notified that plaintiff would demand reimbursement in case of an adverse decision in said suit.

That plaintiff was compelled to pay the amount so recovered against it, and is now entitled to be reimbursed therefor by the said James H. Hopkins under his said covenants, and he is therefore now indebted to the plaintiff, the Youghiogheny River Coal Company, in the sum of $3,233.45, with interest from January 14, 1896, as aforesaid.

The grounds of demurrer were as follows:

1. That under the covenants in the lease set forth in said statement on which said action is founded, plaintiff has no cause of action for reimbursement of the damages and costs recovered against the plaintiff in the said suit of Andrew Robertson et al. against the plaintiff at No. 89, December term, 1893, in common pleas No. 1 of Allegheny county.

2. That the statement does not aver that the alleged representations of defendant to plaintiff's agent, that defendant had the right to take and remove said coal without liability to the owners of the surface for any damage that might result thereto by reason thereof, were omitted from said lease by fraud, accident or mistake. And said representations do not of themselves constitute an agreement, and, as appears by said statement, were not contemporaneous with the execution of said lease.

3. The statement does not show what damages were recovered in the said action of Andrew Robertson et al. against the plaintiff, nor the amount of the taxable costs therein, the plaintiff in no event being entitled to recover counsel fees or other expenses from the defendant in the present action, included in the lump sum of $3,233.45, sought to be recovered.

4. That the said statement is in other respects uncertain, informal and insufficient.

The court sustained the demurrer.

*Error assigned* was in sustaining the demurrer.

*John O. Petty*, for appellant.—While the waiver clause does not in terms release the right of surface support, it protects the lessee from all damages, direct or consequential resulting from the taking of all the coal, which includes damages done to the surface : McDade v. Spencer, 6 Lackawanna Legal News, 84 ; Buchanan v. Andrew, L. R. 2 Scotch & Divorce Appeal Cases, 296.

The lessee covenants "to mine and remove the coal in a careful and workmanlike manner," etc., and that lessor, his agents, etc., shall have access, etc., for the purpose of inspection and supervision—should any difference of opinion arise, it is agreed that it shall be submitted to arbitration, etc. The parties thus stipulated for a method of determining what is a "careful and workmanlike manner" within the meaning of the lease : Lewis v. Fothergill, L. R. 5 Chancery Appeal Cases, 103 ; Kistler v. Thompson, 158 Pa. 139; Bestwick v. Ormsby Coal Co., 129 Pa. 592.

The Hopkins lease contemplates the taking of all the coal: Eadon v. Jeffcock, L. R. of Exch. Cases, 379.

*Thomas C. Lazear*, with him *Charles P. Orr*, for appellee.—

The intention to part with the right of surface support must appear by plain and explicit language in the grant of the minerals, or by an express exception from a reservation of them. It may not be taken away by mere implication from language not necessarily importing such a result. It is not accomplished by a grant or reservation of all the minerals under the land, or of all the privileges necessary to their convenient working: Barringer & Adams on Mines and Mining, 676; McDade v. Spencer, 6 Lackawanna Legal News, 84; Robertson v. Youghiogheny River Coal Co., 172 Pa. 566; Coleman v. Chadwick, 80 Pa. 81; Proud v. Bates, 5 Am. Law Register (N. S.), 171.

Appellant alleges that it took all ordinary precautions usually taken in mining coal, and in the same breath alleges that it did not provide sufficient support. Such a statement is clearly demurrable: Jones v. Wagner, 66 Pa. 429; Coleman v. Chadwick, 80 Pa. 81; Horner v. Watson, 79 Pa. 242; Robertson v. Youghiogheny River Coal Co., 172 Pa. 566; Carlin & Co. v. Chappel, 101 Pa. 348.


OPINION BY MR. JUSTICE BROWN, January 7, 1901:

In mining coal under a lease to it by the appellee, the appellant caused injury to the overlying surface of one Robertson, and in a suit brought by him against it damages were recovered. Thereupon this coal company brought the present suit to compel Hopkins, the appellee, and its lessor, to pay what it, in pursuance of the judgment against it, had paid to Robertson, together with costs and expenses. The judgment now reviewed was in favor of the defendant on his demurrer to plaintiff's statement. Turning to it, we find the following clause from the lease, upon which the right to recover depends: "And together with said coal, and as appurtenant thereto is hereby granted and conveyed the free and uninterrupted right of way over, into, under and through the said tract as above described, at, to and from such point or points, and in such manner as may be necessary, proper or convenient for the purpose of digging, mining and transporting or carrying away any and all of the said veins or strata of coal hereby demised. Together with all the mining rights, privileges and easements necessary or useful for the convenient draining, ventilating and operating openings into said veins and otherwise, some of which privileges are the

making and using of openings or airholes and drains and drifts in the surface, and in the making of surveys for the underground entries or tunnels and the like. And all damages direct or consequential and claims therefor, resulting from the mining and removal of said coal in the doing of any and all the matters and things hereinbefore described are hereby waived and relinquished by the said party of the first part, provided the party of the second part takes all ordinary precautions usually taken in mining and removing coal."

.The declaration, as stated by the court below, is not so full and minute as it should be in stating the character of the injury done to Robertson's property, and the facts out of which the liability to him arose; but in passing upon the question before us, we assume, what seems to be conceded by both sides, that the allegation of the plaintiff is that it had been compelled to pay Robertson for damages sustained by him in the sinking of the surface, which the jury in his suit against it found had not been properly supported by it in mining the coal. The question is, therefore, simply whether under the lease by Hopkins to the coal company he is bound to reimburse it for the damages recovered against it by Robertson, a stranger to the agreement, whose surface had subsided as a result of the removal of the coal beneath it. The contention of the plaintiff is that Hopkins must pay, because a covenant to protect it is found in the following words of the clause quoted: " And all damages direct or consequential and claims therefor, resulting from the mining and removal of said coal, in the doing of any and all the matters and things hereinbefore described, are hereby waived and relinquished by the said party of the first part;" but, even if it be true that such covenant is there found, the concluding words, " provided the party of the second part takes all ordinary precautions usually taken in mining and removing coal," seem to be overlooked. " Ordinary precautions " mean, in mining coal, proper support to the overlying surface: Jones v. Wagner, 66 Pa. 429; Horner v. Watson, 79 Pa. 242; Coleman v. Chadwick, 80 Pa. 81; Carlin & Co. v. Chappel, 101 Pa. 348; Robertson v. Youghiogheny River Coal Co., 172 Pa. 566. If such support had been given by the coal company to the surface of Robertson, there would have been no subsidence, and his suit would not have been brought. The admission by the appellant

in its statement that he had recovered, is an admission, even in the face of the averment that all ordinary precautions had been taken in mining and removing coal, that the appellant had not used them in continuing or giving proper support to the surface. Such admission was fatal. The court below properly so regarded it in denying the appellant's right to recover. We need consider nothing else brought to our attention by the appellant or the appellee, and the judgment is affirmed.