# Kirwin, Appellant, v. Delaware, Lackawanna & Western Railroad Co. (No. 1).

*Real property—Coal land—Separation of surface and minerals—Deeds—Exceptions—Conveyance of surface without right of support—Injury to surface from mining operations—Trespass—Nonsuit.*

In an action in trespass by the owner of a super-incumbent estate against the owner of an underlying mineral estate for damages to a house and lot resulting from alleged disturbances in the surface caused by defendant's mining operations, a nonsuit is proper where it appears that the plaintiff's title was subject to a reservation of "all the coal and minerals beneath the surface of the premises, with the right to mine and remove the same without incurring in any event whatsoever any liability for any injury or damages which may be caused or done to the surface of the said premises, or to any buildings or improvements thereon"; that the defendant was a legal owner of the mineral rights under the land, together with the privileges and exemptions as reserved by plaintiff's grantor, and where it was not alleged that the defendant was guilty of any negligence in the manner in which said minerals were removed.

Argued Feb. 24, 1915.   Appeal, No. 391, March T., 1915, by plaintiffs, from judgment of C. P. Lackawanna Co., Nov. T., 1913, No. 429, refusing to take off compulsory nonsuit in case of James Kirwin and Margaret Kirwin v. Delaware, Lackawanna and Western Railroad Company.   Before Brown, C. J.; Potter, Stewart, Moschzisker and Frazer, JJ.   Affirmed.

Trespass to recover damages for injuries to real property.   Before Newcomb, J.

The facts appear by the opinion of the Supreme Court.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was the refusal to take off the nonsuit.

*Thomas P. Duffy,* for appellants.—The exception is as broad as the grant and therefore void: Dunham and Shortt v. Kirkpatrick, 101 Pa. 36; Coleman v. Chadwick, 80 Pa. 81; Horner v. Watson, 79 Pa. 242; Lowry v. Hay, 2 Walker 239; Shoenberger v. Lyon, 7 W. & S. 184; Tyler v. Moore, 42 Pa. 374; Grace Methodist Episcopal Church v. Dobbins, 153 Pa. 294; Kieffer v. Imhoff, 26 Pa. 438.

*Everett Warren,* with him *J. H. Oliver* and *D. R. Reese,* for appellee.—The questions at issue are ruled by the case of Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592.

OPINION BY MR. JUSTICE MOSCHZISKER, April 12, 1915:

This was a suit in trespass by James Kirwin and Margaret, his wife, to recover for damage to a house and lot, and the action was against the owner of the underlying mineral estate, based upon alleged disturbances in the surface caused by its mining operations. A nonsuit was entered, which the court below refused to remove; hence this appeal.

William Connell was the owner in fee of a tract of land in the City of Scranton; March 11, 1891, he sold the premises in question to Timothy Lavelle; the deed was made by William Connell and wife, and contained, after the description, the following: "Excepting and reserving therefrom to the party of the first part, their heirs and assigns, all the coal and minerals beneath the surface of the above described and granted premises, with the right to mine and remove the same and the coal from adjacent lands by any subterranean passage or process whatsoever, for the use, benefit and behoof of the said party of the first part, their heirs and assigns, without incurring in any event whatsoever any liability for any injury or damage which may be caused or done to the surface of said premises, or to any buildings or improvements now erected or which at any time hereafter may be erected

thereon." The habendum was to the grantee, "his heirs and assigns," "subject to the exceptions, reservations and restrictions aforesaid," and the deed was recorded in Deed Book 82, page 216. January 12, 1898, Timothy Lavelle, et ux., conveyed the same lot to James Kirwin; after the description in this deed, the following appears: "Coal and minerals reserved to the legal owners thereof as the same are reserved in the deed of the said premises from William Connell and wife, dated March 11, 1891, and recorded in......Deed Book No. 82, page 216, etc., as by reference thereto will more fully appear"; the grant being, "except as above reserved." December 11, 1911, James Kirwin and wife conveyed this lot to Agnes L. Loftus, and by deed of like date Agnes L. Loftus conveyed the land to James Kirwin and Margaret Kirwin, the plaintiffs at bar. These latter deeds were made subject to the same "exceptions, reservations and conditions" as appear in the deed from William Connell and wife to Timothy Lavelle. At the trial, it was agreed between counsel that the conveyance to the plaintiffs was of "such title to the land as had been acquired by the said Timothy Lavelle by his deed from William Connell and wife," that is to say, whatever title passed from William Connell was vested in the plaintiffs at the time of the injury. It was further agreed that William Connell, by deed dated May 31, 1905, granted and conveyed to the defendant, inter alia, all the coal and minerals lying and being in, under and upon the plaintiffs' premises, and that the deed contained the following: "Together with the rights and privileges in connection with the mining and removal of the coal and minerals hereby conveyed as the said parties of the first part or any of them now have or possess so far as the surface of the land herein described is now owned by them is concerned, and subject to the same restrictions and stipulations with reference thereto as are binding upon the parties of the first part, the party of the second part to have and possess the same rights, privileges and exemptions as to the excep-

tions and reservations in the deeds duly recorded in the recorder's office of Lackawanna County to the various grantees of surface lots, the coal under which is hereby conveyed, which said provisions are hereby made part hereof as herein fully set forth."

The plaintiffs admit the facts and the record title to be as just recited, but contend, nevertheless, that the right of surface support was not granted, released or waived by them or their predecessors in title; because, they say, "the exception in the deed of March 11, 1891, relating to the right to mine and remove the coal without liability for damages for injury done the land, is illegal, for the reasons (a) it is as broad as the grant and destructive of it, (b) it is inconsistent with, repugnant to, and in derogation of the grant, (c) it is within the statute of frauds, and (d) it would deprive the owner of the land of a right of property guaranteed to him by the Constitution of the United States." After considering the able argument of counsel for the appellants, and the numerous cases cited by him, we are not convinced that the court below erred in refusing to take off the nonsuit. The plaintiffs neither averred nor proved negligence in the manner of mining; on the contrary, the proofs showed that at the time of the injury complained of, and prior thereto, the defendant company conducted its mining operations in accordance with usual and proper methods. We find no material distinguishing facts between the case at bar and Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, 596, where, speaking by our Brother MESTREZAT, we said, "The owner of the entire estate may......grant the surface of the land and reserve the mineral estate with the right to mine and remove it without liability for any injury or damage done to the surface, and in such case the grantor or those claiming through him may mine and remove all the coal without being compelled to support the surface"; the decision in that case rules the present one, and reference is therein made to all the contentions presented at bar, with the ex-

ception of the claim that the judgment of the court below contravenes the right of property guaranteed by the Constitution of the United States; this latter contention was not pressed at argument, and it is sufficient to say that we see no merit in it.

The assignment of error is overruled and the order refusing to remove the nonsuit is affirmed.