# Penman *v.* Jones, Appellant.

*Conveyances—Coal lands—Sale of surface—Reservation of right to mine without liability for surface support—Surface support—Nature of right—Easement—Mines and mining—Deeds—Construction.*

1. The owner of the surface of coal lands is entitled to the absolute support of the land, not as an easement or right depending upon a supposed grant, but as a proprietary right at common law.

2. In the absence of an express waiver or the use of words from which the intention to waive clearly appears, the grantee of minerals takes the estate subject to the burden of surface support. Such right is not to be taken away by mere implication from language which does not necessarily import such a result.

3. Where the owner of coal land conveys the surface, reserving the right to remove the coal without liability for damage to the surface, it may retain or dispose of the right so reserved, as it sees fit, but where it subsequently conveys the coal without expressly granting such right, the grantee of the coal does not acquire it.

4. A coal company conveyed the surface of coal land, reserving the right to remove the coal without liability for damage to the surface. Subsequently it conveyed the coal to a steel company but did not expressly transfer the right to remove the coal without liability for surface support; and thereafter made a further conveyance to the steel company confirming title to the coal "together with all the rights of the said coal company to mine and remove the said coal ......by any process incident to the business of mining." The coal company later conveyed to a trust company all its interest of any kind in the said real estate, and the trust company in turn conveyed such right to the plaintiff, the successor in title of the original grantee of the surface. Defendant agreed to purchase from the plaintiff the lot in question, provided the plaintiff had the right to surface support. Defendant refused to accept the deed, contending that the right to mine the coal without liability of surface support reserved by the coal company in its conveyance of the surface, passed with the conveyance of the underlying coal to the steel company. *Held*, that the right to surface support passed to the trust company by the conveyance from the coal company, and was con-

veyed to plaintiff by the deed from the trust company, and that judgment was properly entered against the defendant.

5. In such case the conveyance from the coal company to the steel company of coal, machinery, fixtures, tools, etc., with the "hereditaments and appurtenances" belonging thereto, did not transfer to the grantee the right to mine without the duty to support the surface, and a provision in the deed granting "all the estate, right, title, interest, benefit, property, claim and demand whatsoever" of the grantor, referred to the coal conveyed and not to the right to mine free from the duty to support the surface.

6. In such case where the deed from the coal company to the steel company conveyed 62 tracts and only as to one granted the right to remove the coal without incurring liability for surface support, the insertion of such clause in the conveyance of one particular tract and its exclusion as to the others indicated an intention upon the part of the grantor not to waive the right of support as to the other lots.

STEWART and MOSCHZISKER, JJ., dissent.

Argued April 11, 1916. Reargued Jan. 3, 1917. Appeal, No. 97, Jan. T., 1916, by defendant, from judgment of C. P. Luzerne Co., Nov. T., 1915, No. 592, dismissing exceptions to referee's report in case of T. F. Penman v. John M. Jones. Before BROWN, C. J., MESTREZAT, POTTER, STEWART, MOSCHZISKER, FRAZER and WALLING, JJ. Affirmed.

Assumpsit on agreement to purchase surface of certain coal lands in Lackawanna County. Before GARMAN, J.

The facts appear by the opinion of the Supreme Court.

The referee directed judgment to be entered in favor of plaintiff and against the defendant.

The court dismissed exceptions to the referee's findings and directed that judgment be entered in accordance therewith. Defendant appealed.

*Errors assigned* were in dismissing exceptions to referee's report.

On the argument before the Supreme Court the Scranton Coal Company, deeming that its interest might be af-

fected by the conclusion reached in the present case, was granted permission to file a brief because of its interest in the question involved.

*Morgan S. Kaufman,* for appellant.—The deed from the coal company to the steel company passed to the latter the right to mine without the burden of surface support: Scranton v. Phillips, 94 Pa. 15; Miles v. Pennsylvania Coal Co., 217 Pa. 449; Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592.

*John P. Kelly,* of *O'Brien & Kelly,* and *John G. Johnson,* with them *Philip V. Mattes,* for appellee.—The grantee of minerals takes the estate subject to the burden of surface support unless such burden is expressly waived by the deed: Weaver v. Berwind-White Coal Co., 216 Pa. 195; Robinson v. Boynton Coal Co., 58 Pa. Superior Ct. 176; Kansas City Northwestern R. R. Co. v. Schwake, 68 L. R. A. 673; Catron et al. v. South Butte Mining Co., 181 Fed. Repr. 941; Burgner v. Humphrey, 41 Ohio 340.

The right of support is a property right and one which will pass by express grant: Stearns v. Richmond, 88 Va. 992 (14 S. E. Repr. 847).

*Alex. Simpson, Jr.,* with him *James E. Burr* and *C. L. Andrus,* for Scranton Coal Company.—The owner of a tract of coal land may effectually waive to the owner of the underlying coal all liability in case the surface of the land should settle by reason of the removal of coal: Jones v. Wagner, 66 Pa. 429; Gordon v. Del., Lack. & Western R. R. Co., 253 Pa. 110; Lillibridge v. Lackawanna Coal Co., 143 Pa. 293; Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592.

Likewise the owner of coal land in a deed conveying the surface may reserve the right to mine the coal without liability to surface support: Baker v. Pittsburgh,

Carnegie & Western R. R. Co., 219 Pa. 398; Madden v. Lehigh Valley Coal Co., 212 Pa. 63. The owner may bargain in regard to such right as he may think best: Coleman v. Chadwick, 80 Pa. 81; Williams v. Hay, 120 Pa. 485; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492. The deed from the coal company to the plaintiff's predecessor effectually reserves all underlying coal with a right to remove it freed of any obligation to support the surface of the land: Kirwin v. Del., Lack. & Western R. R. Co. (No. 1), 249 Pa. 98; Gordon v. Del., Lack. & Western R. R. Co., 253 Pa. 110; Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Valley Coal Co., 212 Pa. 63; Miles v. Penna. Coal Co., 214 Pa. 544; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27.

The deed from the coal company to the steel company passed to the steel company every interest the coal company held in the land, including its nonliability in case of the sinking of the surface on account of the mining operations, and consequently the subsequent conveyance by the coal company to the trust company of the rights which were later conveyed to the plaintiff, did not transfer the right of surface support: Johnson v. Webster, 4 De G. Mac. N. & G. 474; Stearns v. Richmond, 88 Va. 992; Hill v. West, 4 Yeates (Pa.) 142; Swartz v. Swartz, 4 Pa. 353; Grubb v. Grubb et al., 74 Pa. 25; Ott v. Kreiter, 110 Pa. 370; Wright v. Wright, 1 Vesey Sr. 409; Caldwell v. Fulton, 31 Pa. 475; Scranton v. Phillips, 94 Pa. 15; Sanderson v. City of Scranton, 105 Pa. 469; Del., Lack. & Western R. R. Co. v. Sanderson et al., 109 Pa. 583; Millard, Exr., et al. v. Del., Lack. & Western R. R. Co., 240 Pa. 234. The waiver of the right of surface support passed to the grantee of the coal even without the inclusion of such words, for everything incidental to the thing granted passes by a grant of the thing: Strickler v. Todd, 10 S. & R. 63; Seibert v. Levan, 8 Pa. 383; Postlethwaite's Appeal, 68 Pa. 477; MacConnell v. Wright, 150 Pa. 275; LaBelle Coke Co. v. Smith, 221 Pa. 642.

OPINION BY MR. JUSTICE POTTER, February 12, 1917:

The plaintiff brought this action to recover damages for breach of contract by the defendant, in failing to carry out his agreement to purchase from plaintiff a certain lot of ground, known as lot No. 21, in block No. 55, in the City of Scranton. The lot is underlaid with coal, and defendant agreed to purchase it only upon condition that he should be assured of the right of surface support. He refused to accept the deed tendered by plaintiff, on the ground that it does not appear that plaintiff is entitled to surface support of the lot, and, therefore, cannot convey any such right. Whether or not plaintiff has the right of surface support in the land, is the question in controversy. The determination of this question depends upon the proper construction of the language of certain deeds. As the facts were not in dispute, they were agreed upon by counsel, and the case was sent to a referee. He reached the conclusion that the plaintiff had the right to surface support for his land, and was in position to make valid conveyance to the defendant in strict accordance with the articles of agreement. Exceptions to the report were overruled both by the referee and the court below, and the report was confirmed, and judgment in favor of the plaintiff was entered. Defendant has appealed.

It appears from the record that in 1873, and prior thereto, the Lackawanna Iron & Coal Company owned in fee a tract of land, which included, inter alia, the lot which plaintiff agreed to sell to defendant; in that year, it conveyed the lot in question to William Matthews, excepting and reserving to the grantor, its successors and assigns, "All the coal and minerals beneath the surface of, and belonging to said lot, with the sole right and privilege to mine and remove the same by any subterranean process incident to the business of mining, without thereby incurring, in any event whatever, any liability for injury caused or damage done to the surface of said lot, or to the buildings or improvements which now

are or hereafter may be put thereon, provided, that no
mine or air shaft shall be intentionally opened, or any
mining fixtures established on the surface of said prem-
ises." By mesne conveyances, all the rights of William
Matthews in and to the lot, with its appurtenances, have
become and are now vested in the plaintiff, T. F. Pen-
man.

In 1891, by deed duly recorded, the Lackawanna Iron
& Coal Company conveyed to the Lackawanna Iron &
Steel Company, all the coal and minerals beneath the
surface of plaintiff's lot and other lands belonging in
part to it, the said Lackawanna Iron & Coal Company,
with the appurtenances, together with the right to mine
and remove the coal. But the deed contained no provi-
sion that the coal could be removed without liability for
damage done to the surface.

In 1897 the coal company made a further conveyance
to the steel company, confirming the title of the grantee
to all coal and minerals then and theretofore owned by
it in Lackawanna County, together with "all the rights
of said coal company to mine and remove the said coal
and minerals herein conveyed by any subterranean proc-
ess incident to the business of mining."

In the year 1915, the coal company conveyed to the
Scranton Trust Company, inter alia, all its right, title
and interest in and to the said lot No. 21, in block No. 55,
and in the coal and minerals underlying the same, as fol-
lows: "All and every the real estate or interest of any
kind or nature in real estate, lands, tenements or here-
ditaments, situated in the County of Lackawanna, State
of Pennsylvania, which it, the said party of the first part,
now hath, owns, possesses, or enjoys." The Scranton
Trust Company then in turn conveyed to the plaintiff the
right or privilege of surface support for lot No. 21. This
deed, after reciting the conveyance of said lot from the
Lackawanna Iron & Coal Company to Matthews in 1873,
without the right of surface support, the conveyance of
the minerals in 1891 to the Lackawanna Iron & Steel

Company, "without however granting or conveying to
the Lackawanna Iron & Steel Company the right to
let down, injure or destroy the surface," and, also the
conveyance from the coal company to the trust company
of "all right, title and interest" in lot No. 21, "remised,
released and quitclaimed" to the plaintiff, lot No. 21,
with the further recital that it was "the purpose and in-
tent of this indenture to vest in the said party of the
second part, his heirs and assigns, inter alia, the right or
privilege of surface support hitherto withheld by the
Lackawanna Iron & Coal Company, the predecessor in
title to the party of the first part, and to release and dis-
charge the party of the second part, his heirs and as-
signs, from any and all waivers of said right of surface
support, so far as it, the said party of the first part, has
the legal right to vest the said right of support and to re-
lease and discharge the said party of the second part from
the effect of said waiver, and without warranty on the
part of the party of the first part, that this indenture
vests in the party of the second part, his heirs and as-
signs, any right, title or interest whatsoever."

It thus appears that, in so far as the lot in question is
concerned, the coal company conveyed the surface to one
party, reserving the right to remove the coal without lia-
bility for damage to the surface, and some eighteen
years afterwards it conveyed the coal to another party,
but did not with it transfer or convey the right to remove
the coal without liability for injury to the surface. If
this right to remove the coal without supporting the sur-
face remained in the coal company, after it had parted
with the ownership of the coal, such right was, by subse-
quent conveyances made for that purpose, duly relin-
quished, transferred and quitclaimed to the plaintiff.

The law is firmly established in Pennsylvania that,
in the absence of express waiver or the use of words
from which the intention to waive clearly appears,
the grantee of minerals takes the estate subject to
the burden of surface support. Thus in Jones v. Wag-

ner, 66 Pa. 429, it is said, following the English rule,
that (p. 434) "where there is no restriction or contract
to the contrary, the subterranean or mining property is
subservient to the surface to the extent of sufficient sup-
ports to sustain the latter, or, in default, there is liability
to damages by the owners or workers of the former for
any injury consequent thereon to the latter." On the
same page it is further said, quoting from Rogers on
Mining, "That if an owner of lands grant a lease of the
minerals beneath the surface with power to work and get
them in the most general terms, still the lessee must leave
a reasonable support for the surface, and so, conversely,
where the minerals are demised and the surface is re-
tained by the lessor, there arises a prima facie inference
at common law, upon every such demise, that the lessor
is demising them in such a manner as is consistent with
the retention by himself of his own right of support."
This language was quoted with approval in Horner v.
Watson, 79 Pa. 242, 251. These cases were followed in
Coleman v. Chadwick, 80 Pa. 81, where a grant of all the
coal under a certain tract carried with it "all the privi-
leges necessary for the convenient working of the same,"
and "all rights and privileges incident or usually appur-
tenant to the working and using of coal mines," and it
was said by Mr. Justice GORDON (p. 87) that "when one
owning the whole fee, grants the minerals, reserving the
surface to himself, his grantee is entitled only to so much
of the minerals as he can get without injury to the super-
incumbent soil, and that the plea of a custom to the con-
trary could not be entertained, because such a custom
would be unreasonable, and hence wanting in an element
essential to its validity." In Williams v. Hay, 120 Pa.
485, it was said by Mr. Justice PAXSON that the right to
surface support (p. 496) "is not to be taken away by a
mere implication from language which does not neces-
sarily import such a result," and it was accordingly held
that the right to surface support is not affected by a
clause providing that the owner of the coal in mining and

removing it should "do as little damage to the surface as possible." In Robertson v. Youghiogheny River Coal Co., 172 Pa. 566, it was said by Mr. Justice WILLIAMS that (p. 571) "a sale of all the coal under a tract of land is not in terms or by necessary implication a release of the right to surface support any more than the sale of the first story of a building, two or more stories in height, would be a release of the floor so sold from its visible servitude to the remainder of the building. The release must be in either case by express words or by necessary implication." In Youghiogheny River Coal Co. v. Hopkins, 198 Pa. 343, a company operating under a lease from defendant was sued by the owner of the surface for injuries thereto and judgment was recovered against it, whereupon suit was brought against defendant to recover the amount of the judgment under a clause in the lease which provided that (p. 347) "All damages direct or consequential and claims therefor, resulting from the mining and removal of said coal in the doing of any and all the matters and things thereinbefore described are hereby waived and relinquished by the said party of the first part, provided the party of the second part takes all ordinary precautions usually taken in mining and removing coal." It was held that this clause did not grant to the company a release from its obligation to support the surface.

In Youghiogheny Coal Co. v. Allegheny National Bank, 211 Pa. 319, it was said by Mr. Justice MESTREZAT (p. 324) : "If the owner of the whole fee conveys the coal in the land in general terms, as in this case, retaining the residue of the tract, the purchaser acquires the coal with the right to mine and remove it, provided he does so without injury to the superincumbent estate. His estate in the coal, like that of the owner of the surface, is governed by the maxim sic utere tuo ut alienum non laedas. The owner of the surface is entitled to absolute support of his land, not as an easement or right depending on a supposed grant, but as a proprietary right at common

law: Carlin & Co. v. Chappel, 101 Pa. 348; 2 Snyder on Mines, Sec. 1021."

In the light of the foregoing authorities, it is clear that there is nothing in the language of the deed from the Lackawanna Iron & Coal Company to the steel company, which can be regarded as indicating an intention to convey the minerals free from liability upon the part of the purchaser to support the surface in their removal. No such privilege follows from the mere conveyance of coal, machinery, fixtures, tools, etc., with the "hereditaments and appurtenances" belonging thereto. The conveyance of "all the estate, right, title, interest, benefit, property, claim and demand whatsoever" of the grantor, is properly referable to the subject-matter of the grant, to wit, the coal conveyed, and does not necessarily amount to a waiver of the right of the grantor to insist upon support being left for the surface. This conclusion is strengthened by reference to other provisions in the deed. Some sixty-two tracts were conveyed in the same instrument, and with respect to only one of them is the right given to remove the coal "without thereby incurring in any event whatever any liability for injury caused or damage done to the surface of said land or to the buildings or improvements which now are or may hereafter be put thereon." The insertion of such a clause in the conveyance of one particular tract and its exclusion in conveying all of the other tracts, brings the transaction within the maxim expressio unius est exclusio alterius, and indicates an intention, upon the part of the grantor, not to waive the right of support as to other lots. In Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592, the same deed from the Lackawanna Iron & Coal Company to the Lackawanna Iron & Steel Company, which is now before us, was under consideration. In that case it appeared that the coal company granted certain property, reserving the coal and the right to remove it, without liability for surface support. A subsequent purchaser of this tract brought suit against the steel company for damages

for injury to the surface.    It was held there could be no recovery because no right to surface support existed in plaintiff.    In that case the exact question now before us was not presented or decided; we there said, speaking through our Brother MESTREZAT (p. 596) : "We do not deem it necessary to determine whether the grant to the steel company released or waived the right of surface support.......It is wholly immaterial whether the common grantor of the parties holding respectively the surface and the coal still retained the right of surface support or whether it has passed to the owner of the coal. The important fact is that it never passed to the plaintiff nor its predecessors in title."

In the present case, whatever right the coal company retained to interfere with the surface support was relinquished by it to the Scranton Trust Company, and from it passed to the plaintiff, by deed which recited the former conveyances, and expressed the intention to restore to the owner of the land the "privilege of surface support hitherto withheld by the Lackawanna Iron & Coal Company." While the deed to the Scranton Trust Company does not appear in full in the record, the clause quoted purports to convey all real estate, or interest therein, of every kind situated within the county, and the agreement of facts, in quoting from the deed from the trust company to plaintiff, contains a recital that the coal company conveyed to the trust company "all its right, title and interest in the aforesaid Lot No. 21."

The Scranton Coal Company has no direct interest in this case, but considering that its rights might be affected by the conclusion herein reached, it presented a brief, and has been represented by counsel, who, among other points raised, have contended that, if the deed from the coal company to the steel company did not pass to it the waiver of liability for failure to support the surface, which had been retained by the coal company, then the deed to the trust company was also insufficient to release or reconvey that waiver to the owner of the surface.

But this contention overlooks the fact that the law gives to the owner of the surface the right to subjacent support of his land in its natural condition, as a result of, and as an incident to, that ownership. The right of surface support is a natural right of property which is inherent in such an estate; while in the conveyance of coal, it is thoroughly settled that the right to remove it without liability for damage to the surface is not a fundamental or necessary incident. In the present instance, the acceptance by Matthews of the deed containing the stipulation that the coal company should retain the right to remove the coal without liability for injury, was merely a waiver by him, as purchaser of the surface, of his natural right or easement. This stipulation cannot properly be regarded as the creation of another easement appurtenant to the mineral estate, which would pass merely with its conveyance. The stipulation for the right to remove the coal without liability for injury to the surface did not have the effect of retaining in the grantor any interest outside of the coal, in the land which was being conveyed. It did not authorize the grantor to do anything upon the land of the surface owner, but its effect was merely to absolve the owner of the coal from responsibility for injurious consequences which might follow the removal of the coal. The stipulation may fairly be considered as being a license to do the desired act, that is, to let down the surface, if necessary, in order to remove the coal. It was authority to do an act affecting the land, without, however, conferring upon the licensee any estate in the land. An easement is always an estate in the land. But "a license properly passeth no interest, nor alters or transfers property in anything, but only makes an action lawful, which without it had been unlawful": Thomas v. Sorrell, Vaughan's Rep. (Eng.), 330, 351. It is distinguished in this from an easement: Jones on Easements, 64, 65. The only effect of the stipulation in this case, would be to make lawful the letting down of the surface, which otherwise would be unlaw-

ful. Further than that, it could not go. Its force would be spent with the removal of the coal. The license in this case being coupled with a grant of the coal, or rather with the reservation of the coal, was irrevocable by the owner of the surface, and was assignable by the licensee. Beyond question the coal company had power to assign to the steel company its right to remove the coal without liability for injury to the surface, but it did not see fit to do so. Having retained this right when it sold the coal, the coal company was at liberty thereafter to abandon the right, or to transfer it directly or indirectly to the owner of the surface. It was not something which fastened itself upon the mineral estate, and became impossible of detachment. The coal company was under no obligation to convey to the steel company all the rights which it possessed with respect to the removal of the coal. The language of its deed to the steel company shows that it took pains not to include the right of removal without liability for injury to the surface, and it would be a strained construction indeed which would hold that a valuable property right passed as an appurtenance, when the transfer of any such right was carefully avoided in describing the principal thing conveyed. The right in question was valuable in connection with the large tract of land held by the coal company, and this fact was probably taken into account, both in the sale of surface and in the sale of the coal. The latter presumably sold for a less price than it would have brought had the right to remove it without leaving support for the surface been included. If, as was stated upon the argument, the coal company retained a considerable amount of surface land when it disposed of the coal, it was manifestly to its interest to retain for itself, and for the benefit of future purchasers of lots, the right of surface support.

We are clear that no easement appurtenant to the mineral estate was created by the terms of the stipulation in the deed to Matthews, in 1873. The right to remove the

coal without liability for injury to the surface, which the coal company retained was something which it could retain or dispose of, as it saw fit. It was not something which must pass with a conveyance of the coal, contrary to the desire and intention of the grantor, the coal company. The rights of the steel company are limited and defined by the language of the deeds to it. We find nothing therein, which, under the established rules of law, is sufficient to authorize the removal of the coal without liability for injury to the surface. We agree with the conclusion reached by the referee and confirmed by the court below.

The judgment is affirmed.

DISSENTING OPINION BY MR. JUSTICE MOSCHZISKER:

The material facts in this case may be summarized thus: In 1873, A, a corporation, the owner of a certain large tract of land, sold and conveyed a part thereof to B, reserving to the grantor, its "successors and assigns," the underlying or mineral estate, in apt words creating a fee therein, with the right to mine without "incurring, in any event whatever, any liability for injury caused or damage done to the surface of said lot." Eighteen years after this, A sold and conveyed to C, a corporation, all the coal under its land, of the surface of which B's lot formed a part, other portions of the superincumbent estate remaining in the grantor. While the deed last mentioned conferred the right "to mine and remove the said coal," yet no express right was therein given to let down the surface of any part of the tract; but the instrument of conveyance did "grant, bargain and sell" the described premises, "Together with all and singular the......appurtenances......belonging to the said......property or in any wise appertaining to the same." Twenty-four years thereafter, A executed a deed to D, a trust company, for all its right, title and interest, "of every kind and nature," in, inter alia, the lot previously sold to B, and "the coal and minerals underlying the same." Sub

sequently D quitclaimed to E, who then owned the lot in question, all its interest therein, with the express purpose of vesting in the grantee, "his heirs and assigns, inter alia, the right or privilege of surface support hitherto withheld" by A, the grantor's predecessor in title, and "to release and discharge the party of the second part [grantee], his heirs and assigns from any and all waivers of said right of surface support, so far as the said party of the first part [grantor] has a legal right to vest said right of support and to release and discharge the said party of the second part from the effect of said waiver."

The prime question to be decided is, did the deed from A to C pass to the latter the right to let down or disturb the surface of the lot previously sold by the former to B? For, if such right passed to C, then, of course, A could not subsequently convey it to D, and the latter could not quitclaim the right to E.

Since Jones v. Wagner, 66 Pa. 429, it has been established with us that, upon a severance of the surface and underlying mineral estates, no right vests in the owner of the latter to let down or disturb the former, unless explicitly contracted for; that, in the absence of such express contract, "where there is a separation of the minerals from the surface, the owner of the mineral estate owes a servitude of sufficient support to the superincumbent estate": Graff v. Scranton Coal Co., 244 Pa. 592, 596. It is equally well established, however, that the right to let down the surface may, by express contract, be vested in the owner of the mineral estate: Scranton v. Phillips, 94 Pa. 15; Madden v. Lehigh Valley Coal Co., 212 Pa. 63; Miles v. Penna. Coal Co., 217 Pa. 449; Weaver v. Berwind-White Coal Co., 216 Pa. 195; Kellert v. Rochester & Pittsburgh Coal & Iron Co., 226 Pa. 27; Stilley v. Pittsburgh-Buffalo Co., 234 Pa. 492; Graff Furnace Co. v. Scranton Coal Co., 244 Pa. 592; Kirwin v. Del., Lack. & Western R. R. Co. (No. 1), 249 Pa. 98;

Miles v. N. Y., Susquehanna & Western Coal Co., 250 Pa. 147.

Under the authorities just cited, there can be no doubt that the language employed in the deed from A to B was sufficient to retain, or vest, in the grantor the right to let down the surface of the lot in controversy; but the question arises: How shall the character of that right be defined? If it must be classed as an "easement appurtenant," then it would pass by a subsequent conveyance of the mineral estate (Cathcart v. Bowman, 5 Pa. 317; Horn v. Miller, 136 Pa. 640, 654; Richmond v. Bennett, 205 Pa. 470, 472; Held v. McBride, 3 Pa. Superior Ct. 155, 158; Citizens' Elec. Co. v. Davis, 44 Pa. Superior Ct. 138, 142; Dority v. Dunning, 78 Maine 381, 384; Winston v. Johnson, 42 Minn. 396, 402), unless some exceptional rule applies to an easement of this particular kind. An easement "is generally defined to be a liberty, privilege or advantage which one may have in the lands of another without profit": Big Mountain Improvement Co.'s App., 54 Pa. 361, 369. Jones on Easements, at p. 4, states their qualifications thus: "First, they are incorporeal; second, they are imposed on corporeal property; third, they confer no right to a participation in the profits arising from such property; fourth, they are imposed for the benefit of corporeal property; fifth, there must be two distinct tenements—the dominant, to which the right belongs, and the servient, upon which the obligation rests." Immediately thereafter the same authority says: "An easement, aside from an easement in gross, can exist only as it is appurtenant to land; it cannot exist unconnected with the land to the enjoyment and occupation of which it is incident. A right in the land granted for the personal use and benefit of an individual is a personal privilege, which is called an easement in gross, as distinguished from the privilege usually termed an easement, which is a privilege incident to particular land. Whether a privilege is a personal right, or is appurtenant to some estate, and therefore an

easement, is determined by a fair interpretation of the instrument creating it, aided, if necessary, by the situation of the property and the surrounding circumstances" (see id., Secs. 28, 47). Thus it may be seen that the right created in the grantor by the deed from A to B has all the attributes of an easement appurtenant to the mineral estate vested in the former. It is an incorporeal right attached to corporeal property, and, when brought into legal existence, generally speaking, it would pass upon a conveyance of the latter under the general description of "appurtenances": id., Sec. 20, et seq., and cases hereinbefore cited.

While it is well established that a right in the owner of the mineral estate to let down the surface will "not be implied from language that does not necessarily import it" (id., Sec. 599; Pennsylvania cases already cited), yet we find no ruling anywhere to the effect that, after such right has been created by apt and sufficient language, and vested in the owner of the mineral estate, it will not pass upon a conveyance of that estate like every other easement appurtenant thereto, particularly when, as in the present instance, the deed contains full and explicit language sufficient to include all appurtenances of every kind and description. A right of the character of the one with which we are dealing, when properly created, adheres to the estate for whose benefit it was brought into existence, the same as covenants running with the land (Scranton v. Phillips, 94 Pa. 15, 23), and, in order so to do, it need only be convenient, not necessary or essential, to the enjoyment of the dominant estate (Zell v. Universalist Society, 119 Pa. 390, 402; Manbeck v. Jones, 190 Pa. 171, 173; Hunstock v. Limburger, 115 S. W. Repr. 327, 329; Dority v. Dunning, 78 Maine 381; Cihak v. Klekr, 117 Illinois 643, 653; Pettingill v. Porter et al., 90 Mass. 1, 6; see also Jones on Easements, Sec. 29). To my mind, clearly, the right to let down the surface, retained in 1873 by A, vested in an easement appurtenant to the mineral estate (Jones on Easements, Sec. 90), and

this passed under the general terms of its subsequent conveyance to C; hence, A could not afterwards deal therewith, and its deed purporting so to do necessarily failed of that effect.

I see no merit in the contention that because a grant of the coal, without more, does not confer a right to disturb the surface of the overlying estate, therefore such a grant could under no circumstances be held to pass a previously created right, or easement, so to do, even where, as in this case, the right to let down the surface had been appurtenant to the mineral estate for a period of eighteen years before the grant in question; nor do I see any material significance in the fact that, in this particular instance, the easement happens to be appurtenant only to the mineral estate underlying certain portions of the surface of the property covered by the grant. Where one is the owner of an entire property, both the surface and underlying estates, of necessity no easement, either of the right of support or the right to let down the surface, can exist; for such incorporeal rights can be brought into being only upon a severance of the one estate from the other (Jones on Easements, Secs. 24, 597 and 835; Kieffer v. Imhoff, 26 Pa. 438, 442; Coleman's App., 62 Pa. 252, 274; Zerbey v. Allan, 215 Pa. 383, 387; Capron v. Greenway, 74 Md. 289, 293), and then, if of the latter character, the right must be expressly and plainly granted. Here the grant under discussion, i. e., the deed from A to C, transferred the mineral estate under a large tract of land, of which the lot previously conveyed to B formed but a small part, and it is plain that this deed did not grant to C the right to let down the surface of any land where an easement to that effect had not previously been created, for the words of the instrument did not expressly confer the right so to do; but it is equally plain that where such a right already existed it was an easement appurtenant to the estate conveyed and, as such, it passed therewith. The judgment entered by the court below rests upon the theory that, since the deed

from A to C did not expressly give the right to let down the surface of all the property conveyed, it could not pass an easement previously created to disturb the surface of a particular portion thereof; but, as I have endeavored to show, this position is not in accord with the relevant rules of law, and no authority has been cited which either directly or by necessary implication sustains it.

Graff Furnace Co. v. Scranton Coal Co., supra, in no sense rules the present appeal; in that case there was no question of a previously existing easement appurtenant to the estate granted. The Graff case was a proceeding in equity to restrain the owner of the underlying mineral estate from disturbing the plaintiff's land. The surface of the lot there in controversy overlaid part of the coal conveyed by the deed from A to C, referred to in the present case. After disposing of its mineral estate to C, A sold and conveyed to a certain predecessor in title of the plaintiff in the Graff case the lot there in question, "excepting and reserving" the minerals underneath the same, with the right to mine without incurring liability for injury to the surface; this exception being made expressly for the benefit of the grantor and also of "all persons who may have derived title to said coal......from the party of the first part [the grantor]." In dismissing the bill, we ruled that the words of this latter deed were controlling, that the exception therein of the right of surface support governed, and that it was not necessary to determine in whom that right was vested, so long as it was apparent that it did not vest in the plaintiff. In the course of the opinion, however, this significant passage occurs: "The owner of the entire estate may likewise grant the surface of the land and reserve the mineral estate with the right to mine and remove it without liability for any injury or damage done to the surface, and in such case the grantor or those claiming through him may mine and remove all the coal without being compelled to support the surface." In the case at bar, the present owner of the coal is one claiming through such a

grantor as just described; and I cannot agree that the latter, when it stipulated for the right to let down the surface, became a mere licensee of its grantee. One may have a license conferred upon him, but I know of no authority which holds that a grantor of real estate may by words inserted in his own deed retain or confer a license upon himself, in or over the subject-matter conveyed; although, of course, it is well established that he may thus create an easement.

For the reasons stated, I mark my dissent.

STEWART, J., joins in the above dissent.