### Scranton et al. v. Scranton Coal Company.

*P. V. Mattes*, for plaintiffs; *M. J. Martin*, for defendant.

LEACH, J., January 23, 1931.—In a former opinion in this case, we sustained the motion on the ground that certain documents of title necessary to plaintiff's claim had not been referred to in the pleadings. By inference, we overruled the other reasons. A second motion to dismiss, alleging substantially the same reasons, has been filed.

In Penman v. Jones, 256 Pa. 416, it was held that persons with deeds identical to those of the plaintiffs had the right to surface support. In Noonan v. Pardee, 200 Pa. 474, it was held that the owner of the surface has a right of access to the mine below the surface to see that his right of surface support is being maintained, and when such right of access is refused, the old maxim that equity will suffer no wrong to be without a remedy is applicable. Regardless of the right of surface support, persons living above a mine in a well-settled community, where a break in the gas main or electric wiring, or the collapse of their own building, may cause their deaths, should be entitled to as much right as a person who is only affected as to his property.

As to the objection that the parties plaintiff are not properly joined, the prevention of a multiplicity of suits is sufficient answer. The defendant is the owner of a mining tract on which the plaintiffs' properties are located. One order of court and one examination discommoding the defendant but once can be substituted for orders and examinations in each particular instance.

Now, January 23, 1931, objections to plaintiffs' bill are dismissed, and defendant is permitted to answer within fifteen days.

From William A. Wilcox, Scranton, Pa.